# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

ALEJANDRO BAZALDUA,

Petitioner,

v.

WARDEN OF DESERT VIEW FACILITY, *et al.*,

Respondents.

Case No. 5:26-cv-03788-RAO

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Alejandro Bazaldua ("Petitioner"), a non-citizen currently in immigration custody and represented by counsel, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition"). Dkt. No. 1 ("Pet.").

Petitioner claims that his current detention violates the Fifth Amendment's Due Process Clause, the Immigration and Nationality Act, and the Administrative Procedure Act. Pet. at 15–26. The Petition seeks Petitioner's immediate release or, alternatively, a bond hearing. *Id*. at 28–29. Respondents oppose the Petition, arguing that Petitioner's recent arrest for indecent exposure, which triggered the issuance of an immigration detainer, qualifies as a change in circumstance. *See generally* Dkt. No. 8 ("Ans."); *see also* Dkt. No. 8-1 at 2. However, Respondents do not oppose Petitioner's request for a bond hearing pursuant to 8 U.S.C. § 1226(a). Ans. at 2. In

his Reply, Petitioner contends that he is entitled to release because Respondents failed to demonstrate any material change in circumstances.  Dkt. No. 9 at 3 ("Reply").

The Court incorporates the factual background set forth in the Petition, which is largely uncontested by Respondents, as well as the additional background information provided in the Form I-213 attached to Respondents' Answer, which is likewise uncontested by Petitioner.  *See generally* Pet.; Dkt. No. 8-1.

A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3). The statute does not require a person to be physically imprisoned to be in custody; rather, habeas relief is available where the person is subject to "restraints not shared by the public generally."  *Jones v. Cunningham*, 371 U.S. 236, 240 (1963).

"The Due Process Clause of the Fifth Amendment prohibits the Government from depriving individuals of their life, liberty, or property, without due process of law."  *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017).  "It is well-established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings."  *Reno v. Flores*, 507 U.S. 292, 306 (1993) (citation omitted).  Due process protections includes noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent," and those subject to a final order of deportation.  *Zadvydas v. Davis*, 533 U.S. 678, 693–94 (2001).  "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects."  *Id*. at 690.

The Due Process Clause generally "requires some kind of a hearing before the State deprives a person of liberty or property."  *Zinermon v. Burch*, 494 U.S. 113, 127 (1990).  Although the government may have discretion over the initial decision to detain or release a noncitizen, "the government's decision to release an individual from custody creates 'an implicit promise,' upon which that noncitizen may rely, that

their liberty 'will be revoked only if [they] fail[ ] to live up to the . . . conditions [of release].'" *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)). "Thus, even when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody." *Pinchi*, 792 F. Supp. 3d at 1032 (citing *Romero v. Kaiser*, No. CV 22-20508, 2022 WL 1443250, at *2 (N.D. Cal. May 6, 2022)).

Petitioner's due process claim is analyzed "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. CV 25-1884-TLN (SCR), 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)). The Court analyzes each step in turn.

Here, Petitioner, a citizen of Mexico, entered the United States in 1988 without inspection. Dkt. No. 8-1. He is married to a lawful permanent resident and is the father of two United States citizen children. Pet. at 2. He has an approved I-130 and I-601A waiver. *Id*. He was originally in administrative proceedings, but these proceedings were subsequently closed. Dkt. No. 8-1 at 3. He has had regular ICE check-ins, has no check-in violations, and no criminal convictions. Pet. at 2. In June 2026, Petitioner was arrested by Santa Barabra County Sheriff's Department for misdemeanor indecent exposure. Dkt. No. 8-1 at 2. An ICE detainer was issued but not honored by Santa Barbara County Sheriff's Department. *Id*. At his next ICE check-in on July 7, 2026, he was detained. Pet. at 2; Dkt. No. 8-1 at 2.

Petitioner has a liberty interest in his continued freedom. *See Lopez v. Lyons*, No. CV 25-3174-DJC (CKD), 2025 WL 3124116, at *3 (E.D. Cal. Nov. 7, 2025); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025); *see also Noori v.*

*LaRose*, No. CV 25-1824-GPC (MSB), 2025 WL 2800149, at *10 (S.D. Cal. Oct. 1, 2025) ("Petitioner is not an 'arriving' noncitizen but one that has [been] present in our country for over a year.  This substantial amount of time indicates he is afforded the Fifth Amendment's guaranteed due process before removal.").  Even if Respondents asserted that the government lawfully revoked Petitioner's release because of his recent arrest, Petitioner retains his protected liberty interest.  *Singh v. Chestnut*, No. CV 26-546-DJC (AC), 2026 WL 266021, at *2 (E.D. Cal. Feb. 2, 2026) ("Even where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause." (citations omitted)).

Given Petitioner's protected liberty interest, the Court must determine what procedural protections are due to protect that liberty interest.  *See Mathews*, 424 U.S. at 335.  This requires balancing the three factors the Supreme Court set forth in *Mathews*.  *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206–07 (9th Cir. 2022) (assuming without deciding that *Mathews* applied and applying test in immigration detention context); *Perez Bueno v. Janecka*, No. CV 25-3376-CAS (BFM), 2026 WL 309934, at *3 (C.D. Cal. Feb. 5, 2026) (applying *Mathews* test and ordering immediate release of noncitizen asylum applicant previously released on own recognizance by DHS who was detained without pre-detention notice or hearing).  Courts must consider:  (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the [g]overnment's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."  *Mathews*, 424 U.S. at 335.

With respect to the first factor, Petitioner has a substantial interest in remaining out of immigration custody.  Prior to his recent detention, Petitioner had established

a life in the United States and attended his required immigration appointments, Petitioner has a constitutionally protected liberty interest arising from his successful period of release.  His re-detention denies him that freedom.  *Carballo v. Andrews*, No. CV 25-978-KES (EPG), 2025 WL 2381464, at *7 (E.D. Cal. Aug. 15, 2025) (explaining that the "[p]etitioner has a constitutionally protected liberty interest arising from his years-long and successful period of release and integration into the community); *see also Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) ("The Supreme Court has repeatedly recognized that individuals who have been released from custody, even where such release is conditional, have a liberty interest in their continued liberty." (citation omitted)).  The Court thus finds that Petitioner has a significant interest in his continued liberty, and accordingly, the first *Mathews* factor favors Petitioner.

With respect to the second factor, the risk of erroneous deprivation is significant because Petitioner has not been afforded an individualized custody determination to contest his detention because the immigration court determined it did not have jurisdiction under *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025) to hold a bond hearing pursuant to Section 1226(a).  Pet. at 13; *see Diep v. Wofford*, No. CV 24-1238-SKO (HC), 2025 WL 604744, at *5 (E.D. Cal. Feb. 25, 2025) (concluding that the risk of an erroneous deprivation of Petitioner's protected liberty interest "is high" where "[h]e has not received any bond or custody redetermination hearing" (citing *Jimenez v. Wolf*, No. CV 19-7996 (NC), 2020 WL 510347, at *3 (N.D. Cal. Jan. 30, 2020)).  Given the absence of sufficient procedural safeguards to determine if Petitioner's re-detention was justified, "the probable value of additional procedural safeguards, i.e., a bond hearing, is high."  *A.E.*, 2025 WL 1424382, at *5.  The additional procedure of a bond hearing would mitigate the risk of erroneous deprivation of Petitioner's liberty as it would require the government to establish that Petitioner presents a flight risk or danger to the community.  The second

*Mathews* factor thus weighs in Petitioner's favor because the risk of erroneous deprivation of Petitioner's liberty is high.

With respect to the third factor, Respondents' interest in detaining Petitioner without notice, reasoning, and a hearing is low.  This fact is underscored by Respondents' non-opposition to Petitioner's request for a bond hearing pursuant to Section 1226(a).  Ans. at 2.  The third *Mathews* factor weighs in Petitioner's favor.

In light of the significant liberty interest at stake, the high risk of erroneous deprivation, and Respondents' failure to show a significant interest in Petitioner's detention, Petitioner is entitled to more process than he received.  *See Mathews*, 424 U.S. at 335.[1]  As noted, Petitioner seeks relief, *inter alia*, in the form of Petitioner's release or, alternatively, an order directing Respondents to release Petitioner unless they provide a bond hearing under 8 U.S.C. § 1226(a) within seven days.  *See* Pet. at 28–29.  In his Reply, Petitioner argues for immediate release instead of a bond hearing, contending that Respondents failed to identify a material change in circumstances to justify his re-detention.  Reply at 3.

Here, the Court concludes that the specific harm Petitioner suffered is remedied by ordering Respondents to provide Petitioner a bond hearing.  *See S.E. v. Noem*, No. CV 26-356-DAD (SCR), 2026 WL 206085, at *4 n. 3 (E.D. Cal. Jan. 27, 2026) ("Based on the court's *Mathews* analysis, the court has determined that a post-deprivation bond hearing is the appropriate remedy at this stage of these proceedings.").  The Court disagrees with the Reply that the record is devoid of a material change in circumstance; the Form I-213 shows that an immigration detainer was placed on Petitioner after his arrest in Santa Barbara County.  Dkt. No. 8-1.  Further, the Court notes that the Petition expressly requested, as an alternative form of relief, that Respondents be ordered to provide Petitioner with a bond hearing

---

[1] The Court declines to address Petitioner's remaining claims and whether Petitioner's detention is authorized by statute because the Petition can be resolved on due process grounds.

before an immigration judge.  Pet. at 28–29.

In sum, the Court concludes that the *Mathews* factors weigh in favor of finding that Petitioner is entitled to an individualized bond hearing.  *See Carballo*, 2025 WL 2381464, at *8 (ordering the government to provide a post-deprivation bond hearing to § 1226(c) detainee where the government bears the burden of proof); *see also Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005) ("Federal courts have a fair amount of flexibility in fashioning specific habeas relief.").  The Court orders Respondents to immediately release Petitioner if a bond hearing is not provided within seven days of this Order.  *See E.C. v. Noem*, No. CV 25-1789-RFB (BNW), 2025 WL 2916264, at *12 (D. Nev. Oct. 14, 2025) ("Given Petitioner's liberty interest is at stake, the Court finds that if a bond hearing is not provided promptly, within seven days of this Order, Petitioner's continued detention would violate his due process rights." (collecting cases)); *Diep*, 2025 WL 604744, at *5 (similar).

For the foregoing reasons, the Petition is **GRANTED IN PART**.  IT IS HEREBY ORDERED THAT:

- Within seven (7) days of this Order, Respondents shall afford Petitioner a constitutionally adequate bond hearing before an immigration judge;
- Respondents are ordered to immediately release Petitioner unless he is provided a constitutionally adequate bond hearing before an immigration judge within seven (7) days of this Order; and
- Respondents are directed to file a status report within ten (10) days of this Order demonstrating compliance with the Court's Order.

IT IS SO ORDERED.

DATED: July 28, 2026

/s/
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

7